IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **JACOB DOE,** | |
| *Plaintiff*, | |
| v. | Civil No.: 1:25-cv-2528-JRR |
| **UNIVERSITY OF MARYLAND EASTERN SHORE,** | |
| *Defendants*. | |

## ORDER

The court is in receipt of *pro se* Plaintiff's *Ex Parte* Motion for a Temporary Restraining Order and Motion for a Preliminary Injunction, filed today as ECF No. 11 (the "Motion").

Plaintiff initiated this action against his former employer, University of Maryland Eastern Shore ("UMES") and several of its officers and employees related to Plaintiff's demotion in July 2025 and precedent investigation and disciplinary processes. Plaintiff asserts claims for constitutional and statutory violations, as well as common law torts. (ECF No. 7.) In the Motion, Plaintiff seeks an *ex parte* emergency hearing and temporary restraining order ("TRO") (to be followed by a preliminary injunction – or "PI") requiring that he be reinstated to the position he held prior to the demotion; and barring Defendants – including UMES students, employees, and anyone else "over whom [Defendants] exercise direct or indirect control or influence" to refrain from disclosing any information "concerning Plaintiff" – to include the fact that he has been demoted to a new position. Plaintiff also requests an injunction requiring Defendants "to inform any media outlet, or any other third party" who may learn of Plaintiff's demotion "that they are prohibited from publishing any information concerning Plaintiff . . . ."

"A preliminary injunction is 'an extraordinary remedy' that 'may only be awarded upon a clear showing that the plaintiff is entitled to such relief.'" *Pierce v. N. Carolina State Bd. of Elections*, 97 F.4th 194, 209 (4th Cir. 2024) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)); *see Benisek v. Lamone*, 585 U.S. 155, 158 (2018) (noting that "a preliminary injunction is 'an extraordinary remedy never awarded as of right'"). As such, preliminary injunctive relief is to be "granted only sparingly and in limited circumstances." *St. Michael's Media, Inc. v. Mayor & City Council of Baltimore*, 566 F. Supp. 3d 327, 351 (D. Md. 2021), *aff'd,* No. 21-2158, 2021 WL 6502219 (4th Cir. Nov. 3, 2021), and *aff'd,* No. 21-2206, 2021 WL 6502220 (4th Cir. Nov. 13, 2021) (quoting *Micro Strategy, Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001)).

A plaintiff seeking preliminary injunctive relief "must establish that 1) they are likely to succeed on the merits; 2) they are likely to suffer irreparable harm absent preliminary relief; 3) the balance of the equities favors the requested injunctive relief; and 4) that relief is in the public interest." *Leaders of a Beautiful Struggle v. Baltimore Police Dep't*, 2 F.4th 330, 339 (4th Cir. 2021) (citing *In re Search Warrant Issued June 13, 2019*, 942 F.3d 159, 170–71 (4th Cir. 2019)). These factors were established by the Supreme Court in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008). "[P]laintiff bears the burden of establishing that each of these factors supports granting the injunction." *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir. 1991) (citing cases); *see St. Michael's Media, Inc.*, 566 F. Supp. 3d at 351 (same). The standard for granting a temporary restraining order or a preliminary injunction is the same. *Rum Creek Coal Sales, Inc. v. Caperton,* 926 F.2d 353 (4th Cir.1991).

The current record before the court entitles Plaintiff to neither form of injunctive relief, as Plaintiff has not set forth allegations or facts that demonstrate or suggest his entitlement to such relief in accordance with the above-cited authorities.

First, to the extent Plaintiff seeks an *ex parte* TRO (as the title of the Motion suggests) the court declines to grant such relief. The record before the court sets forth no "specific facts in an affidavit or verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A). Further, Plaintiff offers no basis on which this court should proceed to fashion the enormous scope of remedy he seeks absent notice to Defendants. *See id.* at R. 65(b)(1)(B)

Second, although Plaintiff avers that he relies upon his "Verified Complaint . . . in support of the Motion" (ECF No 11 at p. 2), there is no Verified Complaint. The (amended) Complaint at ECF No. 7 is not a verified complaint; while Plaintiff includes a thorough Rule 11 certification, the complaint is not verified as true and accurate to the best of Plaintiff's knowledge. Therefore, the Motion is unsupported by any manner of evidence and instead is supported by Plaintiff's inadmissible, conclusory assertions.

Third, while the court appreciates fully that Plaintiff takes issue with his demotion and disciplinary proceedings, at this time, the court is unpersuaded that reinstatement to his pre-demotion position is appropriate relief where the court can award money damages, should Plaintiff prevail on the merits – and, in fact, Plaintiff seeks an award of money damages as well as his fees, expenses, costs, and prejudgment interest. (ECF No. 7 at p. 36.) Further, the Motion offers no basis on which the court could reasonably conclude that Defendants have any plan or intention to release or publish any information he desires to protect.

Fourth, regarding Plaintiff's asserted fear of immediate and irreparable reputational harm absent injunctive relief, Plaintiff was demoted in July 2025, following (according to the Complaint) extensive proceedings and investigations involving many UMES personnel and students that began in approximately January 2025. Assuming without finding that an unlawful demotion would in fact result in the sort of reputational/professional harm for which Plaintiff seeks a remedy here, given the allegations of the Complaint, the court fails to discern how an injunction at this hour restricting Defendants (and a seemingly limitless scope of third parties with dubious coverage under the wingspan of the court's jurisdiction) in the manner Plaintiff asks would do anything to protect him from reputational harm as he suggests. And, while not dispositive, it bears mentioning that were demotion or termination following workplace investigation and discipline, alone, cause for a TRO or a PI, entry of such extraordinary relief would be the norm and not the exception. The court acknowledges that certain employment-related claims may involve circumstances that rise to the level contemplated by Rule 65 – such circumstances, however, are not present here.

Fifth, Plaintiff fails to address the myriad First Amendment issues associated with the scope of his requested relief pertaining to the media and other third parties.

Therefore, it is this 13th day of August 2025, **ORDERED** that the Motion for *ex parte* TRO is **DENIED**; and the Motion for preliminary injunction is **DENIED WITHOUT PREJUDICE**.

Madam Clerk shall furnish Plaintiff with a copy of this order.

/S/
_____
Julie R. Rubin
United States District Judge